Filed 8/6/14  P. v. Whitesides CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KYLE JASON WHITESIDES,<br><br>    Defendant and Appellant. | G048833<br><br>(Super. Ct. No. 10NF0718)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury found defendant Kyle Jason Whitesides guilty of the rape of Kim M. by force as charged in count one of the information, and guilty of sodomy by force of Kim M. as charged in count two of the information.

Defendant was charged with another count of forcible rape of Amy D. in count three, as well as sodomy by force of Amy D. in count four, but the jury was unable to reach verdicts on those counts. The court granted the People's motion to dismiss counts three and four.

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

In February 2009 Kim M. was living at a board and care facility with two roommates in Anaheim. That evening, Kim M. and Rose, one of her roommates, were sharing wine in the room, despite the fact wine was not permitted in the facility. After being invited by Rose, defendant came to the room.

The first time Kim M. realized defendant was planning on spending the night was when Rose pulled a sleeping bag out of the closet and placed it on the floor between beds. At a time when defendant was sitting or laying back on the floor and the three of them were talking, defendant touched Kim M.'s vaginal area over her clothes with his foot three or four times. Each time, Kim M. pushed his foot away. After the fourth time, Kim M. got up and went into the bathroom. Six people at the board and care share one bathroom; therefore, pursuant to the routine at the facility, Kim M. did not lock the bathroom door.

Kim M. was feeling nauseous and was sitting on the edge of the bathtub when the door opened. Defendant pulled her up and bent her over the sink, untied her scrubs and pulled her scrubs and underpants down to her knees. Kim M. said: "I felt

2

penetration. My rear end." She clarified that meant her anus was penetrated by defendant's penis. It hurt her, but when she tried to back up, it hurt more. Defendant pushed her head into the sink. Kim M. explained her circumstance: "My position was — I waved my arms in the back, but being pinned with your — over with your face in the sink and your chest, it's like in a dip position. I had a hard time moving my arms."

She told him to stop and he did not stop. She again told him to stop and that he was hurting her. She was unable to move him off her. Defendant withdrew his penis and, while she was in the same position, with her face and upper chest still in the bathroom sink, he inserted his penis into Kim M.'s vagina. Kim M. continued to tell defendant "no," and was unable to fight him off.

With regard to defendant's prior, tried by the court in a bifurcated trial, a prison packet was admitted into evidence. It included a complaint alleging that on February 20, 1999, defendant committed a lewd act upon a child in violation of Penal Code section 288, subdivision (a). Another document in the packet is a guilty plea form, signed by defendant and his lawyer on November 19, 1999, has the following handwritten statement of facts: "On or about February 20, 1999 in Orange County I willfully, unlawfully & lewdly committed a lewd and lascivious act on & with the body of Jane Doe, a child under the age of 14 years who was not related to me, with the intent of arousing, appealing to & gratifying the lust, passions & sexual desires of myself." For that crime, defendant was sentenced to three years in prison.

At the sentencing hearing for the present crime, the prosecutor recommended that defendant be sentenced to 25 years to life for each count because he is a habitual offender, and that his sentence should be doubled under the "Three Strikes" law for a total of 100 years in prison. Defendant's lawyer asked that he be sentenced for no longer than 25 years to life.

In sentencing defendant, the court imposed 25 years to life based on the habitual offender provision in Penal Code section 667.71 as to count one, and doubled it

3

pursuant to the Three Strikes law set forth in Penal Code sections 667, subdivisions (d), (e)(1) and 11701.2, subdivisions (b), (c)(1). As to count two, the court imposed the same sentence, for a total of 100 years to life.

We have examined the record and found no arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.